```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                         CRIMINAL ACTION NOS. 2:23-00189
                                                2:23-00190

**RONALD ROBINSON**


<u>SUPERVISED RELEASE REVOCATION</u>
<u>MEMORANDUM OPINION AND ORDER</u>


On May 15, 2025, the United States of America appeared by Jennifer Dowdy Gordon, Assistant United States Attorney, and the defendant, Ronald Robinson, appeared in person and by his counsel, David R. Bungard, First Assistant Federal Public Defender, for a hearing on the petition and its amendment seeking revocation of supervised release submitted by United States Probation Officer Codie P. Blankenship.

On April 4, 2005, a sentence of 262 months imprisonment with a ten-year term of supervised release was imposed upon the defendant in criminal action 2:04-cr-011, in

the Western District of Pennsylvania, which case on November 30, 2023, had the probation jurisdiction transferred to this court as criminal action 2:23-00189.[1]  According in part to docket entries in the above-styled criminal action prior to and after transfer to this jurisdiction, and in part to defendant's above-named Probation Officer, he commenced supervised release in this criminal action on December 13, 2013, and was detained on January 8, 2016, following which he continued on supervised release beginning December 23, 2021, as set forth next below, until his arrest on November 4, 2024, on the petition for revocation now before this court.

On August 1, 2017, the defendant, was sentenced to 84 months imprisonment and 4 years supervised release in criminal action 2:17-cr-00023, in the Western District of Pennsylvania, which criminal action had the probation jurisdiction transferred to this court on November 30, 2023, as criminal action 2:23-00190.  The Judgment Order was silent on whether supervised release was consecutive to or concurrent with the ten-year supervised release imposed in criminal action 2:04-011.  Inasmuch as 18 U.S.C. § 3624(e), states, "supervised release

---

[1] The defendant's sentence was later reduced to a term of 120 months; in all other respects the sentenced imposed remained the same.

2

commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject . . .," the supervised release in each action runs concurrently with one another. Id. According to the petition for revocation filed by defendant's above named Probation Officer, the defendant commenced supervised release in this criminal action on December 23, 2021, and continued his previously imposed ten-years of supervised release on that same date.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release in the following respects:  (1) on or about October 2, 2024, the defendant knowingly and intentionally distributed a quantity of methamphetamine in violation of federal and state laws; (2) on or about October 8, 2024, the defendant knowingly and intentionally distributed a quantity of methamphetamine in

3

violation of federal and state laws; (3) on or about October 15, 2024, the defendant knowingly and intentionally distributed a quantity of methamphetamine in violation of federal and state laws; (4) on or about October 16, 2024, the defendant knowingly and intentionally possessed with intent to distribute a quantity of methamphetamine in violation of federal and state laws; and, (5) the defendant failed to notify the probation officer of his October 16, 2024, arrest within 72 hours of such arrest; which violations numbered (3) and (5) above are admitted, and as to violations (1), (2), and (4), the defendant admits the government has sufficient evidence to prove each by a preponderance of the evidence, as admitted by the defendant on the record of the hearing, and all as set forth in the petition and amendment on supervised release.

The court defers consideration of revocation in this matter, and it is ORDERED that revocation and sentencing be, and hereby are, continued to 1:30 p.m. on August 7, 2025.

The defendant was remanded to the custody of the United States Marshal pending sentencing.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED:  May 21, 2025

_____
John T. Copenhaver, Jr.
Senior United States District Judge